

# THE ATTORNEY GENERAL
## OF TEXAS

March 2, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Ms. Barbra Walsh
Ward County Auditor
Monahans, Texas    79756

Honorable James L. Rex
Andrews County Attorney
Andrews Courthouse
Andrews, Texas    79714

Opinion No. JM- 866

Re:    Whether Attorney General Opinion MW-393 (1981) has been modified by the Indigent Health Care and Treatment Act (RQ-1329)

Dear Ms. Walsh and Mr. Rex:

You both ask whether the Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., overruled or modified Attorney General Opinion MW-393 (1981), in which this office held that a county could not pay visiting physicians on the medical staff of the county hospital for treating indigent patients at the hospital and that a county hospital could not pay salaried staff physicians additional compensation for treating indigent patients at the hospital. See also Attorney General Opinion O-2422 (1940). The basis for MW-393 was the following language excerpted from article 4480, V.T.C.S.:

> The board shall also appoint a staff of visiting physicians who shall serve without pay from the county, and who shall visit and treat hospital patients at the request either of the managers or of the superintendent.

> Said board shall fix the salaries of the superintendent and all other officers and employees within the limit of the appropriation made therefore by the commissioners court, and such salaries shall be compensation in full for all services rendered.

The Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., specifies the obligations of counties, public hospitals, and hospital districts for providing

medical care for indigents. A county hospital is a "public hospital" for purposes of the Indigent Health Care and Treatment Act. V.T.C.S. art. 4438f, §1.02(10); art. 4478. Therefore, a county hospital is governed by the provisions applicable to public hospitals rather than the provisions applicable to counties. See V.T.C.S. art. 4438f, §§2.01, 3.01, 10.01, 11.01. See also V.T.C.S. art. 4484; Attorney General Opinion M-379 (1969) (bills and accounts of county hospital are paid and approved by commissioners court). The act requires a public hospital to provide specified services to persons who live within the area that the public hospital has a legal obligation to serve. Id. §10.01. Because a county hospital has a legal obligation to serve the county in which the hospital is situated, V.T.C.S. art. 4486, it must provide the services specified in the Indigent Health Care and Treatment Act to indigent persons who live within the county.

The services a public hospital is required to provide are inpatient and outpatient hospital services.[1] V.T.C.S. art. 4438f, §§11.01, 3.01. The Department of Human Resources has the authority to promulgate rules more specifically defining the required services. Id. §1.06. The act contains the following provisions regarding provision of services by a public hospital:

> Sec. 11.03. (a) A public hospital or hospital district may arrange to provide health care services through a local health department, a publicly owned facility, a contract with a private provider regardless of the provider's location, or through the purchase of insurance for eligible residents.
>
> (b) A public hospital or hospital district may affiliate with other public hospitals or hospital districts or with a governmental entity to provide regional administration and delivery of health care services.

---

1. A public hospital is also required to continue providing any additional health care services that it provided to eligible residents during the operating year that ended before January 1, 1985.

> Sec. 11.04.  A public hospital may  select
> one or more   providers of health   care
> services and, except  in an emergency,  when
> medically inappropriate, or when care is not
> available,  require eligible residents to
> obtain care from a provider.

V.T.C.S. art. 4438f, §§11.03, 11.04.

You suggest  that those  provisions are  in  conflict with article  4480,  as interpreted  by  Attorney General Opinion MW-393.  As MW-393 pointed out, article 4480 deals with two types of doctors who may be on the medical  staff of  a  county  hospital:  (1)  visiting  physicians,  who receive no pay, and (2) hospital employees, who receive  a salary in full compensation for all services they  render. Attorney General Opinion  MW-393 concluded,  based on  the clear  language  of  article  4480,  that  if  visiting physicians treat  indigents  at  the  hospital,  they  may receive no pay  for such  treatment and  that if  salaried physicians treat indigents at  the hospital, their  salary is their only compensation for  doing so.  Nothing in  the Indigent Health Care and Treatment Act conflicts with  the language of article 4480 or  with the specific holding  of MW-393.  Therefore, the Indigent Health Care and Treatment Act did not affect the specific holding of MW-393.

There is, however, dicta in MW-393 that suggests that a county hospital's  only authority to  pay for  physician services is  its authority  under  article 4480.  To  the extent that dicta in  MW-393 suggests that conclusion,  it has  been  modified  by  the  Indigent  Health  Care  and Treatment Act.  Section  11.03 of the  act gives a  county hospital  authority  to  pay  for  physician  services  at locations other than  the county  hospital.  See  V.T.C.S. art. 4491 (a  1913 statute allowing  a county hospital  to contract with a private hospital for the care of  indigent patients).  Also, the Indigent Health Care Act may require a county  hospital to  provide health-care  services that salaried or visiting physicians are unable to provide.  In such circumstances,  we think  that the  act authorizes  a county  hospital  to  pay physicians  other  than  those contemplated by article  4480 for  providing the  required services.

## S U M M A R Y

The Indigent  Health Care  and  Treatment Act,  article  4438f,  V.T.C.S.,  did   not overrule the  holding  of  Attorney General

Opinion MW-393 (1981). A county hospital is not authorized to pay a visiting physician for his services as a visiting physician, and a county hospital is not authorized to pay a salaried physician additional compensation for treating indigent patients at the hospital. To the extent, however, that dicta in MW-393 suggests that a county hospital's only authority to pay for physician services is article 4480, it has been modified.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General